## THE PEOPLE OF THE STATE OF ILLINOIS
## v.
## JOHN NEDROW.

*Pharmacy Act—Sec. 15—" Fine " or " Penalty "—Lien of State's Attorney—Sec. 8, Chap. 53, R. S.*

A fine or penalty recovered under the Pharmacy Act is subject to the lien of the State's Attorney for any unpaid fees due him. If no such fees are due him, or after he is paid, such fine or penalty, or the remainder thereof, is to be divided as provided by Sec. 15 of the Pharmacy Act.

[Opinion filed February 17, 1887.]

AGREED CASE certified from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

This is an agreed case certified from the Circuit Court of Adams County, arising on a motion of the State's Attorney of Adams County, and cross-motion by the Board of Pharmacy, for a rule on the clerk of the Adams Circuit Court to pay over the penalty collected by him in the above entitled cause against John N. Nedrow.

### STATEMENT OF FACTS.

As appears from the record and the agreed state of facts set out in the abstract, the people of the State of Illinois recovered a judgment before a Justice of the Peace of Adams County against John N. Nedrow on the 3d of October, 1883, for $50, the penalty prescribed for violation of the 29th section of what is commonly called the Pharmacy Act. 2 Starr & C. Ill. Stat., 1607.

Nedrow took an appeal to the Circuit Court, and on a trial there before the court and a jury, at the September term, 1884, a verdict and judgment was rendered in Nedrow's favor. The people appealed from that judgment to this court and at the November term, 1884, but on the 16th day of January,

1885, the judgment of the Circuit Court was reversed and the cause remanded.  At the October term of the Circuit Court Nedrow dismissed his appeal from the Justice and paid the judgment of the Justice of the Peace to the clerk of the Circuit Court, who now holds the amount of the judgment subject to be paid over, either to the State's Attorney or to the Board of Pharmacy or in part to one and part to the other, as it shall be judicially determined he should pay it.  It is agreed further that Oscar P. Bonney, Esq., the present State's Attorney of Adams County, was not such State's Attorney at any time when the above proceedings were had, except when the opinion of the Appellate Court was filed, and when said cause was remanded, and the appeal dismissed, and the judgment paid to the clerk, as above stated, he was such State's Attorney.  Also that at time said judgment was paid, the unpaid fees to said State's Attorney exceeded $500, and that said State's Attorney does not claim and is not entitled to said $50 or any part of it for fees earned in said cause, but does claim the said judgment to be applied by him in payment as far as it will go, of his unpaid fees as aforesaid.

It is further agreed as follows:

"And it is hereby agreed between the State's Attorney and the said Board of Pharmacy, that if the said State's Attorney is entitled to said fifty ($50.00) dollars, or any part of the same, under the foregoing state of facts and the laws of this State, that the clerk shall pay the same to him, and that judgment shall be so ordered for the whole, or such amount as he shall be so entitled to:  On the other hand, if, under the foregoing state of facts and laws of this State, the Board of Pharmacy is entitled to the said fifty ($50.00) dollars, or any part of the same, the court shall order the clerk to pay the same or such part thereof to the said Board of Pharmacy, under the motion and cross-motion herein."

Mr. Oscar P. Bonney, State's Attorney, in support of motion.

Messrs. Carter & Govert, for Board of Pharmacy, *contra.*

CONGER, J.    It is insisted by the Board of Pharmacy that the State's Attorney is not entitled to the $50 in question: first, because it was not *procured* by him within the meaning of the 8th Sec. of Chap. 53, for the reason that at the time of the recovery of the penalty against Nedrow before the Justice, Mr. Bonney was not the incumbent of the office of State's Attorney.  He was, however, when the remanding order from this court was filed in the Circuit Court, and Nedrow, refusing to prosecute his appeal further, dismissed it and paid the amount to the clerk.

The State's Attorney being then present, representing the people, we think he *procured* such payment as much as he does in cases where a defendant in a misdemeanor, fearful of the result of trial, enters a plea of guilty and pays such fine as the court may impose.

The money, in this case, was procured by the State's Attorney standing ready to enforce the law by a trial, and Nedrow preferring to pay it without trial.

The claim of the Board to the money is based upon the last clause of Sec. 15 of the Pharmacy Act, which is as follows: "All penalties collected under the provisions of this act shall inure one-half to the Board of Pharmacy and the remainder to the school fund of the county in which the suit was prosecuted and judgment obtained."

The State's Attorney bases his claim upon the last clause of Sec.8 of the Fees and Salaries Act, which is as follows: "State's Attorneys shall have a lien for their fees on judgments for fines or forfeitures procured by them for their fees and earnings until they are fully paid, and such payment shall operate as a release of the lien created by this act."

It is insisted by counsel for the Board "that the State's Attorney's lien and right of payment being confined by the statute to judgments for *fines* and *forfeitures*, can not be extended to judgments for *penalties*.   The word penalty is not mentioned in the section of the act under which the State's Attorney claims.    Nor is the word *fine* mentioned in the Pharmacy Act.    Even if the two words, *fine* and *penalty*, may be used interchangeably in the same law, to express the same meaning,

still the Legislature has not seen proper to so use these words in the same sense in these two acts."

Counsel have not given the Pharmacy Act a very careful examination, as it is provided in Sec. 13 of the act that for a violation of its provisions the offender shall be subject to a *fine* of not less than $50 nor more than $100. And we hardly think counsel for the Board would admit they have no right to claim one-half of such *fine*, for the reason that the last clause of Sec. 15 mentions only *penalties*.

Whatever the technical difference may be in the words fine and penalty, we are satisfied they mean the same thing in the Pharmacy Act, and that the penalty in question is subject to the lien of the State's Attorney, as provided in Sec. 8 of the Fees and Salaries Act, and must first be applied toward the discharge of his legal claim, and after he is paid his lien ceases, and then if any portion remains undisposed of it belongs to the Board and the school fund, as provided by Sec. 15 of the Pharmacy Act.

The decision of the Circuit Court being in accordance with these views was right, and the judgment will be affirmed.

*Judgment affirmed.*